IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

KATIRIA RAMOS, individually and on behalf )
of all others similarly situated, ) NO. 17-cv-62100
 )
    Plaintiff, ) JURY DEMAND
v. )
 )
HOPELE OF FORT LAUDERDALE, LLC )
d/b/a PANDORA @ GALLERIA, a Florida )
limited liability company, and PANDORA )
JEWELRY, LLC, a Maryland limited liability )
company, )
 )
    Defendants. )
_____/

**DEFENDANT PANDORA JEWELRY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT**

Defendant Pandora Jewelry, LLC ("Pandora"), by and through its undersigned counsel, hereby serves its Answer and Affirmative Defenses ("Answer") to plaintiff's Class Action Complaint (the "Complaint"). Pandora files this Answer on behalf of itself only and objects to plaintiff's collective definition of "Pandora" as including both named defendants.

**NATURE OF THE ACTION**

1.    Pandora admits that plaintiff purports to bring a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), but denies all other allegations in Paragraph 1 of the Complaint.

2.    Pandora is without knowledge of and therefore denies the allegations in Paragraph 2 of the Complaint.

3.    Pandora admits that it is the franchisor for Pandora Galleria. Pandora denies all other allegations in Paragraph 3 of the Complaint.

4.    Pandora denies the allegations in Paragraph 4 of the Complaint.

1

5. Pandora is without knowledge of and therefore denies the allegations in Paragraph 5 of the Complaint.

6. Pandora admits that plaintiff purports to seek injunctive and statutory relief but denies all other allegations in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Pandora admits that jurisdiction exists under 28 U.S.C. § 1331 as plaintiff alleges violations of a federal statute but denies all other allegations in Paragraph 7 of the Complaint.

8. The allegations in the first sentence of Paragraph 8 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, those allegations are denied. Pandora denies all other allegations in Paragraph 8 of the Complaint.

## PARTIES

9. Pandora is without knowledge of and therefore denies the allegations in Paragraph 9 of the Complaint.

10. Pandora is without knowledge of and therefore denies the allegations in Paragraph 10 of the Complaint.

11. Pandora admits the allegations Paragraph 11 of the Complaint.

## THE TCPA

12. The statute referenced in Paragraph 12 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a response is required, those allegations are denied. Pandora denies all other allegations in Paragraph 12 of the Complaint.

13. The statute referenced in Paragraph 13 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a

response is required, those allegations are denied. Pandora denies all other allegations in Paragraph 13 of the Complaint.

14. Pandora denies the allegations in Paragraph 14 of the Complaint.

15. The case referenced in Paragraph 15 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a response is required, those allegations are denied. Pandora denies all other allegations in Paragraph 15 of the Complaint.

16. Pandora admits the first sentence of Paragraph 16 of the Complaint. Pandora denies all other allegations in Paragraph 16 of the Complaint.

17. The order referenced in Paragraph 17 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a response is required, those allegations are denied. Pandora denies all other allegations in Paragraph 17 of the Complaint.

18. The order referenced in Paragraph 18 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a response is required, those allegations are denied. Pandora denies all other allegations in Paragraph 18 of the Complaint.

19. The regulations and case referenced in Paragraph 19 of the Complaint speak for themselves and are the best evidence as to their terms and content, and no response is therefore required; to the extent that a response is required, those allegations are denied. Pandora denies all other allegations in Paragraph 19 of the Complaint.

20. The case referenced in Paragraph 20 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a

response is required, those allegations are denied. Pandora denies all other allegations in Paragraph 20 of the Complaint.

21. The regulations, case, and order referenced in Paragraph 21 of the Complaint speak for themselves and are the best evidence as to their terms and content, and no response is therefore required; to the extent that a response is required, those allegations are denied. Pandora denies all other allegations in Paragraph 21 of the Complaint.

22. The order referenced in Paragraph 22 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a response is required, those allegations are denied. Pandora denies all other allegations in Paragraph 22 of the Complaint.

23. The order referenced in Paragraph 23 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a response is required, those allegations are denied. Pandora denies all other allegations in Paragraph 23 of the Complaint.

24. The order referenced in Paragraph 24 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a response is required, those allegations are denied. Pandora denies all other allegations in Paragraph 24 of the Complaint.

25. The case referenced in Paragraph 25 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a response is required, those allegations are denied. Pandora denies all other allegations in Paragraph 25 of the Complaint.

26. The case referenced in Paragraph 26 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a response is required, those allegations are denied. Pandora denies all other allegations in Paragraph 26 of the Complaint.

## BACKGROUND FACTS

27. Pandora denies the allegations in Paragraph 27 of the Complaint.

28. The allegations in Paragraph 28 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, those allegations are denied.

29. Pandora is without knowledge of and therefore denies the allegations in Paragraph 29 of the Complaint.

30. Pandora is without knowledge of and therefore denies the allegations in Paragraph 30 of the Complaint.

31. Pandora is without knowledge of and therefore denies the allegations in Paragraph 31 of the Complaint.

32. Pandora is without knowledge of and therefore denies the allegations in Paragraph 32 of the Complaint.

33. Pandora is without knowledge of and therefore denies the allegations in Paragraph 33 of the Complaint.

34. The allegations in Paragraph 34 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, those allegations are denied.

35. Pandora denies the allegations in Paragraph 35 of the Complaint.

36. Pandora denies the allegations in Paragraph 36 of the Complaint.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

37. Pandora admits that plaintiff purports to bring a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated, but denies that the purported class action has any merit.

38. The allegations in Paragraph 38 of the Complaint are statements of the proposed class plaintiff purports to represent in this action, to which no response is required. To the extent a response is required, Pandora denies that plaintiff's proposed class is appropriate for class treatment pursuant to Fed. R. Civ. P. 23 and further denies that the purported class action has any merit.

39. Pandora admits that its employees and agents are excluded from the purported class plaintiff seeks to represent. Pandora denies the remaining allegations in Paragraph 39 of the Complaint.

**NUMEROSITY**

40. Pandora denies the allegations in Paragraph 40 of the Complaint.

41. Pandora denies the allegations in Paragraph 41 of the Complaint.

**COMMON QUESTIONS OF LAW AND FACT**

42. Pandora denies the allegations in Paragraph 42, and subsections (1)–(5) of Paragraph 42, of the Complaint.

43. Pandora denies the allegations in Paragraph 43 of the Complaint.

**TYPICALITY**

44. Pandora denies the allegations in Paragraph 44 of the Complaint.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

45. Pandora denies the allegations in Paragraph 45 of the Complaint.

**SUPERIORITY**

46. Pandora denies the allegations in Paragraph 46 of the Complaint.

47. Pandora denies the allegations in Paragraph 47 of the Complaint.

**Count I**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(As to Pandora Galleria and Pandora LLC)**

48. Pandora incorporates in its response to this Count its responses set forth above in Paragraphs 1 through 47 above as if fully set forth herein.

49. The statute referenced in Paragraph 49 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a response is required, those allegations are denied. Pandora denies all other allegations in Paragraph 49 of the Complaint.

50. The case referenced in Paragraph 50 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response is therefore required; to the extent that a response is required, those allegations are denied. Pandora denies all other allegations in Paragraph 50 of the Complaint.

51. Pandora denies the allegations in Paragraph 51 of the Complaint.

52. Pandora denies the allegations in Paragraph 52 of the Complaint.

53. Pandora denies the allegations in Paragraph 53 of the Complaint.

54. Pandora denies the allegations in Paragraph 54 of the Complaint.

**Count II**
**Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)**
**(As to Pandora Galleria and Pandora LLC)**

55. Pandora incorporates in its response to this Count its responses set forth above in Paragraphs 1 through 47 above as if fully set forth herein.

56. Pandora denies the allegations in Paragraph 56 of the Complaint.

57. Pandora denies the allegations in Paragraph 57 of the Complaint.

58. Pandora denies the allegations in Paragraph 58 of the Complaint.

59. Pandora denies the allegations in Paragraph 59 of the Complaint.

Pandora further denies that it is liable for the requested relief in subsections (a)–(e) of the WHEREFORE clause under Paragraph 59 of the Complaint or any relief whatsoever.

## GENERAL DENIAL

Except as otherwise expressly stated herein, Pandora denies each and every allegation in the Complaint, including, without limitation, any allegations contained in the Complaint's preamble, headings, and Prayer for Relief, and deny any liability to plaintiff. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed as denied. Pandora expressly reserves its right to seek to amend and/or supplement its Answer as may be necessary.

## AFFIRMATIVE AND OTHER DEFENSES

Pandora pleads its Affirmative and Other Defenses, without assuming the burden of proof, and without prejudice to its Answer, as follows:

### First Defense

The claims of plaintiff are barred on the basis that the plaintiff lacks standing to pursue claims against Pandora because plaintiff has not incurred any loss.

### Second Defense

The claims of plaintiff are barred because Pandora has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA and is not liable for any messages allegedly sent by a third party.

### Third Defense

The claims of plaintiff are barred because plaintiff has failed to state a claim upon which relief can be granted because plaintiff gave her express prior consent to receive text messages such as the one described in Paragraph 27 of the Complaint to Pandora and/or its agents.

### Fourth Defense

The claims of plaintiff are barred because plaintiff has failed to state a claim upon which relief can be granted.

### Fifth Defense

The claims of plaintiff are barred because plaintiff has failed to mitigate any of her damages.

### Sixth Defense

The claims of plaintiff are barred because plaintiff was not charged for the text messages referred to in Paragraph 27 of the Complaint.

### Seventh Defense

The claims of plaintiff are barred by the doctrines of acquiescence, waiver, laches, estoppel, and/or unclean hands.

### Eighth Defense

Any award of punitive or statutory damages against Pandora would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### RESERVATION

Pandora hereby reserves its right to assert any other affirmative defenses that discovery

reveals to be applicable so as to avoid waiver of the same.

## PANDORA'S PRAYER FOR RELIEF

WHEREFORE, Pandora prays for judgment as follows:

(a) That plaintiff take nothing by way of the Complaint and the Court dismiss the Complaint with prejudice;

(b) That the Court enter judgment that Pandora is the prevailing party in this action;

(c) That the Court award Pandora all costs, expenses and attorneys' fees that it is entitled to under federal and Florida law; and

(d) That the Court award any and all other relief to which Pandora may be entitled.

Dated: December 5, 2017                    Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 SE 2nd Avenue
Miami, FL  33131
Telephone:  (305) 579-0500
Facsimile:   (305) 579-0717

/s/ Hilarie Bass
HILARIE BASS
Florida Bar No. 334323
bassh@gtlaw.com
IAN M. ROSS
Florida Bar No. 091214
rossi@gtlaw.com
FLService@gtlaw.com
MontelH@gtlaw.com

**GREENBERG TRAURIG, LLP**
1840 Century Park East
Suite 1900
Los Angeles, CA  90067
Telephone:  (310) 586-7700
Facsimile:   (310) 586-7800
IAN C. BALLON
*Admitted pro hac vice*
ballon@gtlaw.com
NINA D. BOYAJIAN

*Admitted pro hac vice*
boyajiann@gtlaw.com

*Attorneys for defendant, Pandora Jewelry, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of December, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by electronic mail. Parties may access this filing through the Court's electronic filing system.

## SERVICE LIST

**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
Scott A. Edelsberg
Jeff Ostrow, Esq.
Avi R. Kaufman, Esq.
1 W. Las Olas Boulevard, Suite 500
Fort Lauderdale, FL 33301
Telephone: 954-525-4100
edelsberg@kolawyers.com
ostrow@kolawyers.com
kaufman@kolawyers.com
*Counsel for plaintiff*

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis
14 NE 1st Avenue, Suite 400
Miami, FL 33132
Telephone: 305-479-2299
ashamis@shamisgentile.com
*Counsel for plaintiff*

**HIRALDO P.A.**
Manuel S. Hiraldo
401 E Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone: 954-400-4713
mhiraldo@hiraldolaw.com
*Counsel for plaintiff*

**AKERMAN LLP**
Jeffrey Benjamin Pertnoy
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL 33131
Telephone: (305) 374-5600
jeffrey.pertnoy@akerman.com
*Counsel for defendant, Hopele of Fort Lauderdale, LLC*

**AKERMAN SENTERFITT**
Stacy Jaye Rodriguez
Suntrust International Center
1 SE 3rd Avenue
25th Floor
Miami, FL 33131-1714
Telephone: 954-468-2454
Email: stacy.rodriguez@akerman.com
*Counsel for defendant, Hopele of Fort Lauderdale, LLC*