UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-62100-MORENO/SELZER

KATIRIA RAMOS, individually and
on behalf of all others similarly situated,

      Plaintiff,

vs.

HOPELE OF FORT LAUDERDALE,
LLC d/b/a PANDORA @ GALLERIA,
a Florida limited liability company, and
PANDORA JEWELRY, LLC, a Maryland
limited liability company,

      Defendants.
_____/

## DEFENDANT HOPELE OF FORT LAUDERDALE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Hopele of Fort Lauderdale, LLC d/b/a Pandora @ Galleria ("Hopele"), by counsel, serves its answer and asserts its affirmative defenses to Plaintiff Katiria Ramos' Class Action Complaint (ECF No. 1; the "Complaint"). Hopele files this Answer and Affirmative Defenses on behalf of itself only and objects to Plaintiff's definition of "Pandora" in the Complaint as including both of the named defendants in this action. Hopele denies all allegations not specifically admitted, and any factual assertion admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations that are contained in the assertion or in the Complaint as a whole.

### NATURE OF THE ACTION

1. Admitted that Plaintiff purports to bring a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), but denied in all other respects.

1

2

2. Admitted.

3. Admitted that co-defendant Pandora Jewelry, LLC ("Pandora") is the franchisor for Hopele. Denied in all other respects.

4. Denied.

5. Admitted that this lawsuit purports to stem from the transmission of telemarketing text messages to Plaintiff, but denied in all other respects.

6. Admitted that Plaintiff purports to seek injunctive and statutory relief, but denied in all other respects.

## JURISDICTION AND VENUE

7. Admitted that jurisdiction exists under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute, and admitted that Plaintiff purports to allege a national class and seeks statutory damages that Plaintiff claims exceed $5,000,000.00, but denied in all other respects.

8. Admitted that venue is proper in the Southern District of Florida as to Hopele. The allegations in the first sentence of Paragraph 8 of the Complaint are legal conclusions to which no response is required; to the extent that a response is required, those allegations are denied, as are the rest of the allegations in Paragraph 8.

## PARTIES

9. Without knowledge, therefore denied.

10. Admitted that Hopele is a Florida limited liability company with its principal place of business in Fort Lauderdale, Florida. Denied that Hopele directs, markets, and provides its business activities throughout the state of Florida, as Hopele only does business in Fort Lauderdale, Florida.

11. Without knowledge, therefore denied.

## THE TCPA

12. The cited provisions of the TCPA speak for themselves and are the best evidence of its terms and content, and therefore no response is required. To the extent a response is required, Hopele denies all allegations, paraphrasing, or characterizations that are not consistent with or reflected in the TCPA read as a whole.

13. The cited provisions of the TCPA speak for themselves and are the best evidence of its terms and content, and therefore no response is required. To the extent a response is required, Hopele denies all allegations, paraphrasing, or characterizations that are not consistent with or reflected in the TCPA read as a whole.

14. Denied.

15. The cited opinion speaks for itself and is the best evidence of its terms and content, and therefore no response is required. To the extent a response is required, Hopele denies all allegations, paraphrasing, or characterizations that are not consistent with or reflected in the opinion read as a whole.

16. The first sentence of Paragraph 16 is admitted. Hopele lacks information sufficient to admit or deny the remaining allegations in Paragraph 16, which purport to summarize certain unidentified findings of the FCC and Congress, for which Plaintiff has provided no citation.

17. The cited order speaks for itself and is the best evidence of its terms and content, and therefore no response is required. To the extent a response is required, Hopele denies all allegations, paraphrasing, or characterizations that are not consistent with or reflected in the order read as a whole.

43520386;6

18. The cited order speaks for itself and is the best evidence of its terms and content, and therefore no response is required. To the extent a response is required, Hopele denies all allegations, paraphrasing, or characterizations that are not consistent with or reflected in the order read as a whole.

19. The cited rules, regulations and opinion speak for themselves and are the best evidence of their terms and content, and therefore no response is required. To the extent a response is required, Hopele denies all allegations, paraphrasing, or characterizations that are not consistent with or reflected in the cited rules, regulations and opinion read as a whole.

20. The cited opinion speaks for itself and is the best evidence of its terms and content, and therefore no response is required. To the extent a response is required, Hopele denies all allegations, paraphrasing, or characterizations that are not consistent with or reflected in the opinion read as a whole.

21. The cited rules, regulations and opinion speak for themselves and are the best evidence of their terms and content, and therefore no response is required. To the extent a response is required, Hopele denies all allegations, paraphrasing, or characterizations that are not consistent with or reflected in the cited rules, regulations and opinion read as a whole.

22. The cited order speaks for itself and is the best evidence of its terms and content, and therefore no response is required. To the extent a response is required, Hopele denies all allegations, paraphrasing, or characterizations that are not consistent with or reflected in the order read as a whole.

23. The cited order speaks for itself and is the best evidence of its terms and content, and therefore no response is required. To the extent a response is required, Hopele denies all

allegations, paraphrasing, or characterizations that are not consistent with or reflected in the order read as a whole.

24. The cited order speaks for itself and is the best evidence of its terms and content, and therefore no response is required. To the extent a response is required, Hopele denies all allegations, paraphrasing, or characterizations that are not consistent with or reflected in the order read as a whole.

25. The cited opinion speaks for itself and is the best evidence of its terms and content, and therefore no response is required. To the extent a response is required, Hopele denies all allegations, paraphrasing, or characterizations that are not consistent with or reflected in the opinion read as a whole.

26. The cited opinion speaks for itself and is the best evidence of its terms and content, and therefore no response is required. To the extent a response is required, Hopele denies all allegations, paraphrasing, or characterizations that are not consistent with or reflected in the opinion read as a whole.

**BACKGROUND FACTS**

27. Hopele denies that it transmitted any text messages to the 2365 number. Without knowledge, therefore denied as to the allegations in Paragraph 27 pertaining to Plaintiff's receipt of any text messages. Hopele denies that it sent the text messages at issue in this case or that they were sent without human intervention. Hopele denies that an ATDS was used to send the text messages at issue, and further notes that the scope of equipment falling under the definition of ATDS is currently being challenged in the D.C. Circuit.

28. The allegations in Paragraph 28 contain legal conclusions, to which no response is required; to the extent a response is required, those allegations are denied.

29. Without knowledge, therefore denied.

30. Without knowledge, therefore denied.

31. Without knowledge, therefore denied as to the allegations in Paragraph 31 pertaining to Plaintiff's receipt of any text messages. Denied in all other respects.

32. The allegations of Paragraph 32 contain legal conclusions to which no response is required; to the extent a response is required, those allegations are denied. Hopele denies that an ATDS was used to send the text messages at issue and notes that the scope of equipment falling under the definition of ATDS is currently being challenged in the D.C. Circuit. Without knowledge, and therefore denied, as to whether express written consent was obtained.

33. Without knowledge, therefore denied.

34. The cited opinions speak for themselves and are the best evidence of their terms and content, and therefore no response is required. To the extent a response is required, Hopele denies all allegations, paraphrasing, or characterizations that are not consistent with or reflected in the opinions read as a whole. To the extent the allegations in Paragraph 34 contain legal conclusions, no response is required; to the extent a response is required, those allegations are denied. Hopele further denies all remaining allegations in Paragraph 34.

35. Hopele denies that an ATDS was used to send the text messages at issue and notes that the scope of equipment falling under the definition of ATDS is currently being challenged in the D.C. Circuit. Without knowledge, and therefore denied, with regard to the allegations in the second sentence of Paragraph 35. Hopele denies that it sent the text messages at issue in this case and denies that they were sent without human intervention.

36. The cited opinion speaks for itself and is the best evidence of its terms and content, and therefore no response is required. To the extent a response is required, Hopele denies all

allegations, paraphrasing, or characterizations that are not consistent with or reflected in the opinion read as a whole. Without knowledge, therefore denied as to the allegations in Paragraph 36 pertaining to Plaintiff's receipt of any text messages. Denied in all other respects.

## CLASS ALLEGATIONS

### Proposed Class

37. Admitted that Plaintiff purports to bring a class action pursuant to Rule 23, Fed. R. Civ. P., on behalf of herself and all others similarly situated, but denied that Plaintiff is entitled to any relief or can satisfy the criteria for certifying a class.

38. Admitted that Plaintiff purports to bring this action on behalf of a putative class, as defined in Paragraph 38, but denied that Plaintiff can satisfy the criteria for certifying such a class.

39. Without knowledge, therefore denied.

### Numerosity

40. Denied. Hopele reserves the right to contest the numerosity requirement in briefing class certification in this case.

41. Denied. Hopele reserves the right to contest the numerosity requirement in briefing class certification in this case.

### Commons Questions of Law and Fact

42. Denied. Hopele reserves the right to contest the commonality requirement in briefing class certification in this case.

43. Denied. Hopele reserves the right to contest the commonality requirement in briefing class certification in this case.

### Typicality

44.  Denied.  Hopele reserves the right to contest the typicality requirement in briefing class certification in this case.

### Protecting the Interests of the Class Members

45.  Denied.  Hopele reserves the right to contest the adequacy of Plaintiff to represent the putative class, and the adequacy of Plaintiff's counsel in briefing class certification in this case.

### Superiority

46.  Denied.  Hopele reserves the right to contest the superiority requirement in briefing class certification in this case.

47.  Denied.  Hopele reserves the right to contest the superiority requirement in briefing class certification in this case.

## COUNT I
## Violations of the TCPA, 47 U.S.C. § 227(b)
**(As to Pandora Galleria and Pandora LLC)**

48.  Hopele incorporates in its response to this Count its responses set forth above in Paragraphs 1 through 47, as if fully set forth herein.

49.  The cited statute speaks for itself and is the best evidence of its terms and content, and therefore no response is required.  To the extent a response is required, Hopele denies all allegations, paraphrasing, or characterizations that are not consistent with or reflected in the statute read as a whole.

50.  The cited opinion speaks for itself and is the best evidence of its terms and content, and therefore no response is required.  To the extent a response is required, Hopele denies all allegations, paraphrasing, or characterizations that are not consistent with or reflected in the opinion read as a whole.

51. Without knowledge, and therefore denied, with respect to whether the equipment referenced in Paragraph 51 has the capacity to dial numbers automatically. Denied that Hopele made any "telephone calls" to Plaintiff, or directed any third parties to do so. Hopele cannot respond to the allegations regarding "the Class defined below" as there is no "Class defined below" included in the Complaint. Denied that the alleged communications were sent "without human intervention."

52. The allegations of Paragraph 52 contain legal conclusions to which no response is required; to the extent a response is required, those allegations are denied. Without knowledge, and therefore denied, as to whether express consent was obtained. Denied that Hopele made any "calls" to Plaintiff.

53. The allegations of Paragraph 53 contain legal conclusions to which no response is required; to the extent a response is required, those allegations are denied. Denied that Hopele violated the TCPA. Denied that Hopele made any "telephone calls" to Plaintiff. Without knowledge, and therefore denied, as to whether express consent was obtained.

54. The allegations of Paragraph 54 contain legal conclusions to which no response is required; to the extent a response is required, those allegations are denied.

## COUNT II
### Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)
(As to Pandora Galleria and Pandora LLC)

55. Hopele incorporates in its response to this Count its responses set forth above in Paragraphs 1 through 47, as if fully set forth herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

Hopele further denies the allegations in Plaintiff's Prayer for Relief, denies that Plaintiff is entitled to any relief whatsoever, and denies that Hopele is liable for any of the requested relief in the WHEREFORE clause following Paragraph 59.

## GENERAL DENIAL

Except as otherwise stated herein, Hopele denies each and every allegation in the Complaint, including, without limitation, any allegations contained in the Complaint's preamble, headings, and Prayer for Relief, and denies any and all liability to Plaintiff. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed denied. Hopele expressly reserves its right to seek to amend and/or supplement its Answer as may be necessary.

## AFFIRMATIVE DEFENSES

The following affirmative and other defenses are asserted by Hopele without assuming the burden of proof, and without prejudice to its Answer above:

1. Plaintiff lacks standing to raise the claims in the Complaint because she cannot demonstrate any injury in fact or any injury traceable to the alleged TCPA violations. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016).

2. Plaintiff has failed to state a claim because the alleged text messages were not made using an ATDS, or a device that is actionable under the TCPA. Furthermore, Hopele reserves the right to amend this and other affirmative defenses contained herein, or move for a stay of this action pending a ruling by the D.C. Circuit Court of Appeals in *ACA International, et al. v. Federal Communications Commission*, No. 15–1211, 2015 WL 5361805 (D.C. Cir. July 13, 2015).

3. Plaintiff has failed to state a claim because Plaintiff consented to receiving the alleged text messages and did not revoke consent or attempt to revoke consent prior to its alleged receipt.

4. Plaintiff's claims against Hopele for knowing and willful violations of law are barred by Plaintiff's failure to meet the conditions precedent for such a claim.

5. Plaintiff's claims and requests for relief are barred in whole or in part because any violation of law, to the extent one occurred, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

6. At no time did Hopele act willfully or knowingly violate the laws upon which Plaintiff has sued Hopele. At all times, Hopele acted in good faith and without malice or intent to violate the TCPA, or to make, direct, or authorize text messages to Plaintiff (or the putative class members) that were allegedly prohibited by the TCPA. Hopele's actions, even if deemed violated of any statute in any respect, were reasonable and taken in good faith, and cannot be deemed willful. Hopele did not act with the intent to harm Plaintiff or any putative class member, or with the knowledge that Hopele's conduct violated any statute (as alleged). Nor did Hopele act in bad faith, or with negligence, gross negligence, recklessness, malice, ill will, or a conscious indifference to the rights of others. Hopele acted in good faith, with good motive, and with reasonable care at all times. Thus, Plaintiff cannot sustain any treble or punitive damages theory on that basis.

7. Hopele's actions were factually and legally justified.

8. Plaintiff's claims and requests for relief are barred in whole or in part by Plaintiff's failure to mitigate her damages.

9.     Plaintiff's claims and requests for relief are barred in whole or in part by the doctrines of ratification, acquiescence, estoppel, waiver, unclean hands, and/or laches.

10.    Plaintiff's claims and requests for relief are barred in whole or in part because her alleged injuries were not proximately caused by any unlawful acts or omissions of Hopele.

11.    Without waiver of any of the denials contained herein, Hopele asserts that if Plaintiff sustained any damages, which Hopele denies, such damages were proximately caused in whole or in part by the acts or omissions of other persons, firms, or corporations.

12.    TCPA statutory damages can quickly rise to excessive amounts for alleged actions that caused little or no actual damage to Plaintiff.  Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. Any award of statutory damages against Hopele would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Excessive Fines Clause of the Eight Amendment of the United States Constitution.

13.    The TCPA violates the First Amendment of the United States Constitution.

14.    Plaintiff's allegations are barred insofar as they are inconsistent with any contractual agreements entered into by the parties which control the dispute and/or allegations asserted by Plaintiff.

15.    Plaintiff's claims are barred because Plaintiff was not charged for the text messages referred to in Paragraph 27 of the Complaint.

16.    Any text messages allegedly sent to Plaintiff were sent as a result of human intervention and therefore were not sent using an ATDS, as required to support a claim under the TCPA.

## RESERVATION

None of the above defenses are intended to shift or alter Plaintiff's burden of proof on any of Plaintiff's claims. Hopele expressly reserves all rights, including all rights to seek leave to amend its Answer and Affirmative and Other Defenses as discovery and the case progresses and more information becomes available.

## HOPELE'S PRAYER FOR RELIEF

**WHEREFORE**, Hopele prays that this Honorable Court enter a final judgment in favor of Hopele and against Plaintiff:

A) Decreeing that Plaintiff take nothing in this action;

B) Decreeing that Hopele is the prevailing party in this action, and awarding Hopele is costs and expenses expended in defending against Plaintiff's meritless claims, as required by governing law; and

C) Awarding Hopele such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**AKERMAN LLP**
Three Brickell City Centre, Suite 1100
98 Southeast Seventh Street
Miami, Florida 33131
Tel: (305) 374-5600
Fax: (305) 374-5095

*/s/ Jeffrey B. Pertnoy*
Jeffrey B. Pertnoy (FBN 91939)
jeffrey.pertnoy@akerman.com
Lawrence D. Silverman (FBN 7160)
lawrence.silverman@akerman.com
Stacy J. Rodriguez (FBN 44109)
stacy.rodriguez@akerman.com

*Counsel for Defendant Hopele*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 15, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that a true and correct copy of the foregoing document will be served on all counsel of record listed below via transmission of Notice of Electronic Filing generated by the CM/ECF system.

Scott A. Edelsberg, Esq.
Jeff Ostrow, Esq.
Avi R. Kaufman, Esq.
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
1 W. Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: 954-525-4100
Fax: 954-525-4300
kaufman@kolawyers.com
edelsberg@kolawyers.com
ostrow@kolawyers.com
*Counsel for Plaintiff*

Manuel S. Hiraldo, Esq.
**HIRALDO P.A.**
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, Florida 33301
Tel: 954-400-4713
mhiraldo@hiraldolaw.com
*Counsel for Plaintiff*

Andrew J. Shamis, Esq.
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 400
Miami, Florida 33132
Tel: 305-479-2299
ashamis@shamisgentile.com
*Counsel for Plaintiff*

Ian C. Ballon, Esq.
Ian M. Ross, Esq.
Nina D. Boyajian, Esq.
Hilarie Bass, Esq.
**GREENBERG TRAURIG, P.A.**
333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131
Tel: (305) 579-0500
Fax: (305) 579-0717
bassh@gtlaw.com
boyajiann@gtlaw.com
rossi@gtlaw.com
ballon@gtlaw.com
*Counsel for Defendant Pandora Jewelry, LLC*

*/s/ Jeffrey B. Pertnoy*
Jeffrey B. Pertnoy, Esq.

14