UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-62100-CIV-MORENO/SELTZER

KATIRIA RAMOS,
individually and on behalf of all
others similarly situated,

    Plaintiff,

vs.

HOPELE OF FORT LAUDERDALE, LLC
d/b/a PANDORA@GALLERIA, a
Florida limited liability company, and
PANDORA JEWELRY, LLC, a Maryland
limited liability company,

    Defendants.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon Defendant Hopele of Fort Lauderdale, LLC's ("Hopele") Motion to Compel Forensic Examination of Plaintiff's Cell Phone [DE 44]. This is an action for damages brought by Plaintiff Katiria Ramos ("Ramos") on behalf of herself and on behalf of a purported class of persons who allegedly received text messages from Hopele and co-defendant Pandora Jewelry, LLC. Plaintiff's Class Action Complaint alleges that on October 19, 2017 at 10:03 a.m., her cellular phone received two text messages marketing goods sold by Defendants at the Galleria in Fort Lauderdale, Florida. She claims that these texts, as well as texts to other consumers throughout the United States, violated the Telephone Consumer Protection Act of 1991 (the "TCPA"), 47 U.S.C. § 227 et seq.

I.      Background and Procedural History

The TCPA regulates telemarketing. Benzion v. Vivint, Inc., 2013 WL 12304563, at *1 (S.D. Fla. Sept. 20, 2013) (Hunt, M.J.). "The TCPA prohibits the use of an automatic telephone dialing system to 'make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) . . . to any telephone number assigned to a . . . cellular telephone service.'" Murphy v. DCI Biologicals Orlando, LLC, 797 F.3d 1302, 1305 (11th Cir. 2015) (quoting 47 U.S.C. § 227b(1)(A)(iii)). The prohibition applies to "text message calls as well as voice calls." Id. The cellular phone on which Plaintiff allegedly received text messages from Defendants is the focus of Hopele's motion.

Hopele served a Request for Production that asked Plaintiff to "[p]roduce for inspection and forensic imaging the cell phone on which You allege You received the text message identified in your Complaint." (Request No. 18). Plaintiff objected to the request:

> Plaintiff objects to this request on the basis that an inspection and forensic imaging of Plaintiff's telephone is unnecessary and not relevant to any party's claim or defense, or proportional to the needs of the case. It is undisputed that Defendant transmitted a text message to Plaintiff's cellular phone. Therefore, the only purpose of this request is to further harass and invade Plaintiff's privacy. [DE 44, p. 5].

The forensic examination that Hopele seeks is not limited in any way, whether by search term, date, or identity of the sender or receiver. Hopele argues that a forensic examination is necessary because Plaintiff has allowed or caused the text messages at issue to be deleted from her cell phone.[1] Although Plaintiff's counsel received and produced a text

---

[1] Plaintiff's cell phone reportedly was set to automatically delete text messages after 30 days in order to preserve memory space.

2

from Plaintiff containing a screenshot of the text messages,[2] Hopele argues that the original text messages and original screenshot contained "metadata" and "a wealth of additional discoverable electronic and forensic data" that are only obtainable through a forensic examination of the cell phone. Hopele's arguments, however, are somewhat vague as to what information it would expect to obtain through a forensic examination.

Hopele argues that "what happened" to the text message "is relevant (if not central) to Plaintiff's claims," and that the information obtained through a forensic examination "may shed light on" spoliation claims and arguments. Further, it argues that "a forensic examination of Plaintiff's cellular phone will reveal a number of details about the Text Message and Plaintiff's actions before and after her alleged receipt" of the text message, which would address Plaintiff's claims of damages. In its reply memorandum, Hopele reported that two days after Plaintiff testified in deposition that she only received two text messages from Pandora on October 19, 2017, her attorney notified Hopele's counsel that she had discovered eight additional text messages on her cell phone, all from Hopele. Hopele raises questions about how the additional text messages were discovered in light of Plaintiff's cell phone automatically deleting messages after 30 days, when the original text messages remain missing, and argues that a forensic examination will help answer those questions.

---

[2] The screenshot of the text message was somehow inadvertently lost while Plaintiff attempted to upload photos from her cell phone to her computer. In addition, Hopele argues that the image produced by Plaintiff's attorney does not contain the typical and expected elements of a screenshot, but instead is a picture of only the text messages.

II. Analysis

Rule 26(b)(1), Federal Rules of Civil Procedure, sets forth the limits of discovery:

> ***Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The question, then, is whether a forensic examination would reveal information that is relevant to the claims and defenses in this matter and whether such an examination is proportional to the needs of the case.

Courts in this District are mindful of the potential intrusiveness of forensic imaging of electronic devices. See e.g., Benzion v. Vivent, Inc., 2013 WL 12304563 (S.D. Fla. Sept. 20, 2013) (Hunt, M.J.) ("The Court . . . must weigh the inherent privacy concerns against the utility of obtaining this form of discovery."); Wynmoor Community Council Inc. v. QBE Insurance Corp., 280 F.R.D. 681 (S.D. Fla. 2012) (Snow, M.J.) (setting a "collection and review protocol" to protect against "the potential intrusiveness of compelling a forensic examination"). This Court disagrees with the California decision cited by Hopele, Sherman v. Yahoo! Inc., No. 3:13-cv-00041-GPC-WVG (ECF No. 13) (S.D. Cal. Feb. 20, 2015), to the extent that the court considered a forensic telephone examination to be a "minor inconvenience," without regard for privacy interests. Rather, this Court should assess the Plaintiff's legitimate privacy concerns against Hopele's purported need for the requested

discovery. Benzion, 2013 WL 12304563, at *3. As part of this assessment, the Court should consider the scope of the requested inspection and its proffered relevance to the claims and defenses in the case.

Hopele seeks a forensic examination because the text messages received by Plaintiff were deleted. Yet, Plaintiff's deletion of the actual text messages does not appear to be relevant to any claim or defense in this case. Hopele has admitted in its interrogatory answers (interrogatory no. 8) that it "communicated with Plaintiff through the www.eztexting.com platform on the following dates: June 16, 2016, July 7, 2016, and October 19, 2017." [DE 47-1]. Furthermore, Hopele produced a call log [DE49-4] that shows Plaintiff's phone number receiving a text on October 19, 2017. Thus, the transmitting of the text messages (and their receipt by Plaintiff) on October 19, 2017 is not a disputed fact. A forensic examination, therefore, is not required to establish (or refute) that Hopele sent or Plaintiff received the text messages at issue.

Likewise, Hopele has not shown that a forensic examination of Plaintiff's cell phone is required to determine whether she expressly consented by providing her phone number through Defendant's website. See Benzion, 2013 WL 12304563, at *3 (electronics were subject to forensic examination where "the identified electronics may have been the means used in connection with the asserted claims and the very same electronics may potentially contain evidence of express consent"). Here, Hopele has admitted in its answer to interrogatory number 5 that "Plaintiff made a purchase at the Pandora store [on May 9, 2014] located at the Galleria Mall, and at that time, Plaintiff voluntarily provided her telephone number, name and address to Hopele. The phone number was manually entered by an employee of Hopele into the KWI point-of-sale system utitlized by Hopele

at the Pandora store located at the Galleria Mall." [DE 47-1]. Hopele does not argue (at least in the present motion) that Plaintiff provided express consent. Thus, a forensic examination is not necessary to determine the means by which Hopele obtained Plaintiff's phone number. Cf., Benzion, 2013 WL 12304563, at *4 (allowing forensic examination to determine if the plaintiff had given previous consent to receive texts); Thielen, 2007 WL 465680, at *2 (forensic examination limited to a two-week period and to images of Plaintiff accessing advertising by defendant). Furthermore, in contrast to the forensic examinations ordered in Benzion and Thilen, Hopele has put no limits on the scope of its requested forensic examination.

Hopele argues that a forensic examination will help establish "Plaintiff's activities and the circumstances before, during and after her alleged receipt of the Text Message," all of which Hopele argues are crucial to its defense of an absence of any injury-in-fact. However, current Eleventh Circuit law holds that an unsolicited receipt of a one-page fax advertisement constitutes injury-in-fact under the TCPA. Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245 (11th Cir. 2015). And district courts in this District have cited Palm Beach Golf Center in holding that receipt of unsolicited text messages alone constitutes an injury-in-fact under the TCPA. See Salcedo v. Hanna, 2017 WL 4226635, at *1 (S.D. Fla. June 14, 2017) (Gayles, J.) (certifying interlocutory appeal of an order denying a motion to dismiss where the injury alleged under TCPA was receipt of one unsolicited text message); Mohamed v. Off Lease Only, Inc., 2017 WL 1080342, at *2 (S.D. Fla. Mar. 22, 2017) (Cooke, J.) (plaintiff who received unsolicited text messages had standing to sue under TCPA).

Hopele argues that a forensic examination is "likely to yield evidence regarding whether Plaintiff is similarly situated to other putative class members and whether her alleged damages would be the same (and therefore, whether the class is ascertainable)" [DE 44]. However, Hopele makes no showing of the relevance to a class determination of whether the named Plaintiff opened or clicked on the message or purposefully deleted the message. At this time, issues related to the putative class do not compel a forensic examination of Plaintiff's cell phone.

Finally, in its reply memorandum, Hopele argues that a forensic examination will "clear up" the confusion regarding Plaintiff's late disclosure of eight other text messages received by Plaintiff. The Court notes that those eight text messages are not alleged in the Complaint and, therefore, at this moment, are not relevant to the claims or defenses in the case.

III.  Conclusion

In sum, the Court finds that Hopele's request for a forensic examination of Plaintiff's cell phone is not tailored to obtain information that is relevant to any claim or defense in this case. Furthermore, the proposed forensic examination is not proportional to the needs of the case or to Plaintiff's privacy concerns. For these reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Forensic Examination of Plaintiff's Cell Phone [DE 44] is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 19th day of March 2018.

_____
BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF