UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-62100-MORENO/SELTZER

KATIRIA RAMOS,
Individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

HOPELE OF FORT LAUDERDALE, LLC
d/b/a PANDORA @ GALLERIA,
a Florida limited liability company, and
PANDORA JEWELRY, LLC, a Maryland
limited liability company,

    Defendants.
_____/

**DEFENDANT PANDORA JEWELRY, LLC'S LOCAL RULE 56.1(a) RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS**

Defendant Pandora Jewelry, LLC ("Pandora"), pursuant to Local Rule 56.1(a), submits the following response to the additional facts included by Plaintiff Katiria Ramos in her Response to Defendant's Statement of Undisputed Material Facts (ECF No. 67) (the "Response")[1] in Opposition to Pandora's Motion for Summary Judgment (ECF No. 19):

    19.    Pandora disputes this paragraph because it misstates the evidence cited. ███

███

---

[1] Ramos's Response appears to have inadvertently misnumbered the two paragraphs purporting to state additional facts. The Response, for example, lists an unnumbered Paragraph beginning "Pandora's employees were aware…," but that Paragraph is referred to in her Response in Opposition to Pandora's Motion for Summary Judgment (ECF No. 64) as Paragraph 19. Likewise, the Response lists Paragraph 19 as containing subparagraphs A through CC, but that Paragraph and its subparagraphs are referred to in her Response in Opposition to Pandora's Motion for Summary Judgment (ECF No. 64) as Paragraph 20 (and its subparagraphs A through CC). This Response will refer to the unnumbered Paragraph as Paragraph 19, and the following paragraph and its subparagraphs as Paragraph 20 and subparagraphs 20.A through 20.CC, consistent with Ramos's Response in Opposition to Pandora's Motion for Summary Judgment (ECF No. 64).



▇▇▇ (Deposition of David Pentecost (30(b)(6) (dated Mar. 9, 2018)[2] ("Hopele Dep.") at 125:2–6; Deposition of Laurie McDonald (dated Mar. 12, 2018) ("McDonald Dep.")[3] at 119:17–120:4; ECF No. 21-1.) ▇▇▇ (Hopele Dep. at 125:2–6; 142:17–24) ▇▇▇ (*Id.* at 140:16–141:5.). ▇▇▇ (*See* Deposition of Jason Shroyer (dated Mar. 12, 2018) ("Shroyer Dep.")[4] at 48:5–12; 55:4–11; McDonald Dep. at 39:10–19.) ▇▇▇

▇▇▇ (Shroyer Dep. at 74:19–75:8; 75:18–76:7; 78:2–18.)

20. Pandora disputes this paragraph because it misstates the evidence and because it does not purport to state material facts, but instead asserts legal conclusions. Ramos's assertions that Pandora had "control" over Hopele, and a "right to control" Hopele, are legal conclusions. *See 1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1251–52 (10th Cir. 2013) (affirming summary judgment on legal issue of whether defendant had control for acts by its purported agent that were outside the scope of its authority); *see also Ramos-Barrientos v. Bland*, 661 F.3d 587, 602 (11th Cir. 2011) (same); *Lobegeiger v. Celebrity Cruises, Inc.*, 869 F. Supp. 2d 1350,

---

[2] The transcript for the deposition of David Pentecost can be found in Exhibit B to Plaintiff's Response in Opposition to Defendant Pandora Jewelry, LLC's Motion for Summary Judgment (ECF No. 65).
[3] The transcript for the deposition of Laurie McDonald can be found in Exhibit A to Plaintiff's Response in Opposition to Defendant Pandora Jewelry, LLC's Motion for Summary Judgment (ECF No. 65).
[4] The transcript for the deposition of Jason Shroyer can be found in Exhibit C to Plaintiff's Response in Opposition to Defendant Pandora Jewelry, LLC's Motion for Summary Judgment (ECF No. 65).

1356 (S.D. Fla. 2012) (citations omitted). In fact, in her Response in Opposition to Pandora's Motion for Summary Judgment, Ramos argued that "the nature and extent of the relationship of parties with regard to agency presents a question of fact and is not controlled by descriptive labels employed by the parties." (*See* ECF No. 64 at 9 (citation omitted).) ▮

▮

▮ (ECF No. 21-1; Hopele Dep. 143:24–145:3.) ▮

▮ (*Id*.)

▮ (*See* Operations Manual at 11 ▮

▮.)

      20A.    Pandora does not dispute the requirement in the Franchise Agreement[5] referenced in this subparagraph. Ramos does not cite any evidence with respect to whether Hopele followed this requirement.

      20B.    Pandora disputes this statement insofar as it appears to be summarizing multiple provisions of the Franchise Agreement and specific defined terms. (*See* Franchise Agreement at 2–3 ¶ A, 5 ¶ A.) Those provisions speak for themselves. Ramos does not cite any evidence with respect to whether Hopele followed this requirement.

---

[5] References and citations herein to "Franchise Agreement" refer to the copy of the Franchise Agreement attached as Composite Exhibit A to Plaintiff's Response to Defendant's Statement of Undisputed Material Facts (ECF No. 66). References and citations herein to "Operations Manual" refer to the copy of the Pandora Operations Manual attached as Composite Exhibit A to Plaintiff's Response to Defendant's Statement of Undisputed Material Facts (ECF No. 66).

20C. Pandora does not dispute the requirement in the Franchise Agreement referenced in this subparagraph. Ramos does not cite any evidence with respect to whether Hopele followed this requirement.

20D. Pandora does not dispute the requirement in the Franchise Agreement referenced in this subparagraph. Ramos does not cite any evidence with respect to whether Hopele followed this requirement.

20E. Pandora does not dispute the requirements in the Franchise Agreement and Operations Manual referenced in this subparagraph. Ramos does not cite any evidence with respect to whether Hopele followed these requirements.

20F. Pandora disputes this statement insofar as it appears to be incorrectly summarizing multiple paragraphs of the Operations Manual (which does not discuss a "waiver" of the referenced requirement). (*See* Operations Manual at 12.) Those paragraphs of the Operations Manual speak for themselves. Ramos does not cite any evidence with respect to whether Hopele followed this requirement.

20G. Pandora disputes this statement insofar as it appears to be summarizing multiple paragraphs of the Operations Manual. Those paragraphs of the Operations Manual speak for themselves. Ramos does not cite any evidence with respect to whether Hopele followed this requirement.

20H. Pandora disputes this statement insofar as it appears to be summarizing multiple paragraphs of the Operations Manual. Those paragraphs of the Operations Manual speak for themselves. Ramos does not cite any evidence with respect to whether Hopele followed this requirement.

20I. Pandora does not dispute the requirement in the Operations Manual referenced in this subparagraph. Ramos does not cite any evidence with respect to whether Hopele followed this requirement.

20J. Pandora disputes this statement insofar as it appears to be summarizing multiple provisions of the Franchise Agreement and Operations Manual. Those paragraphs of the Franchise Agreement and Operations Manual speak for themselves. Ramos does not cite any evidence with respect to whether Hopele followed these requirements.

20K. Pandora disputes this statement insofar as it appears to be summarizing multiple provisions of the Franchise Agreement and Operations Manual. Those paragraphs of the Franchise Agreement and Operations Manual speak for themselves. Ramos does not cite any evidence with respect to whether Hopele followed these requirements.

20L. Pandora disputes this statement insofar as it appears to be summarizing multiple paragraphs of the Franchise Agreement. Those paragraphs of the Franchise Agreement speak for themselves. Ramos does not cite any evidence with respect to whether Hopele followed this requirement.

20M. Pandora disputes this statement insofar as it appears to be summarizing multiple provisions of the Franchise Agreement and Operations Manual. Those paragraphs of the Franchise Agreement and Operations Manual speak for themselves. Pandora also disputes that KWI was "Pandora's computer and point of sale system" insofar as it suggests that KWI was owned by Pandora or that franchisees purchased KWI from Pandora. Ramos does not cite any evidence with respect to whether Hopele followed these requirements. Pandora does not dispute that Pandora had access to the information entered by Hopele into KWI and that Pandora could monitor Hopele's performance.

20N. Pandora disputes this statement insofar as it appears to be summarizing multiple provisions of the Franchise Agreement and Operations Manual. Those paragraphs of the Franchise Agreement and Operations Manual speak for themselves. Ramos does not cite any evidence with respect to whether Hopele followed these requirements.

20O. Pandora does not dispute the requirement in the Operations Manual referenced in this subparagraph. Ramos does not cite any evidence with respect to whether Hopele followed this requirement.

20P. Pandora does not dispute the requirement in the Operations Manual referenced in this subparagraph. Ramos does not cite any evidence with respect to whether Hopele followed this requirement.

20Q. Pandora disputes this statement insofar as it appears to be summarizing multiple provisions of the Franchise Agreement and Operations Manual. Those paragraphs of the Franchise Agreement and Operations Manual speak for themselves. Ramos does not cite any evidence with respect to whether Hopele followed these requirements.

20R. Pandora does not dispute the requirement in the Operations Manual referenced in this subparagraph. Ramos does not cite any evidence with respect to whether Hopele followed this requirement.

20S. Pandora does not dispute the requirement in the Operations Manual referenced in this subparagraph. Ramos does not cite any evidence with respect to whether Hopele followed this requirement.

20T. Pandora does not dispute the requirement in the Operations Manual referenced in this subparagraph. Ramos does not cite any evidence with respect to whether Hopele followed this requirement.

20U. Pandora disputes this statement insofar as it appears to be summarizing multiple provisions of the Franchise Agreement and Operations Manual. Those paragraphs of the Franchise Agreement and Operations Manual speak for themselves. Ramos does not cite any evidence with respect to whether Hopele followed these requirements.

20V. Pandora disputes this statement insofar as it appears to be summarizing multiple paragraphs of the Operations Manual. Those paragraphs of the Operations Manual speak for themselves. Ramos does not cite any evidence with respect to whether Hopele followed these requirements.

20W. Pandora does not dispute the requirement in the Operations Manual referenced in this subparagraph. Ramos does not cite any evidence with respect to whether Hopele followed this requirement.

20X. Pandora disputes this statement insofar as it appears to be summarizing multiple provisions of the Franchise Agreement and Operations Manual. Those paragraphs of the Franchise Agreement and Operations Manual speak for themselves. Ramos does not cite any evidence with respect to whether Hopele followed these requirements.

20Y. Pandora disputes this statement insofar as it appears to be summarizing multiple provisions of the Franchise Agreement and Operations Manual. Those paragraphs of the Franchise Agreement and Operations Manual speak for themselves. Ramos does not cite any evidence with respect to whether Hopele followed these requirements.

20Z. Pandora disputes this statement insofar as it appears to be summarizing multiple provisions of the Franchise Agreement and Operations Manual. Those paragraphs of the Franchise Agreement and Operations Manual speak for themselves. Ramos does not cite any evidence with respect to whether Hopele followed these requirements.

20AA. Pandora does not dispute the requirement in the Operations Manual referenced in this subparagraph. Ramos does not cite any evidence with respect to whether Hopele followed this requirement.

20BB. Pandora disputes this statement insofar as it appears to be summarizing multiple provisions of the Franchise Agreement and Operations Manual. Those paragraphs of the Franchise Agreement and Operations Manual speak for themselves. Ramos does not cite any evidence with respect to whether Hopele followed these requirements.

20CC. Pandora does not dispute the requirement in the Operations Manual referenced in this subparagraph. Ramos does not cite any evidence with respect to whether Hopele followed this requirement.

CASE NO.: 1:17-CV-62100-MORENO/SELTZER

Dated: April 6, 2018

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 SE 2nd Avenue
Miami, FL  33131
Telephone:  (305) 579-0500
Facsimile:   (305) 579-0717

By:     */s/ Ian M. Ross*
HILARIE BASS
Florida Bar No.  334323
bassh@gtlaw.com
IAN M. ROSS
Florida Bar No.  091214
rossi@gtlaw.com
FLService@gtlaw.com
MontelH@gtlaw.com


**GREENBERG TRAURIG, LLP**
1840 Century Park East
Suite 1900
Los Angeles, CA  90067
Telephone:  (310) 586-7700
Facsimile:   (310) 586-7800
IAN C. BALLON
*Admitted pro hac vice*
ballon@gtlaw.com
NINA D. BOYAJIAN
*Admitted pro hac vice*
boyajiann@gtlaw.com

*Attorneys for Defendant, Pandora Jewelry, LLC*

CASE NO.: 1:17-CV-62100-MORENO/SELTZER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of April, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Ian M. Ross
IAN M. ROSS

## SERVICE LIST

**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
Scott A. Edelsberg
Jeff Ostrow, Esq.
1 W. Las Olas Boulevard, Suite 500
Fort Lauderdale, FL 33301
Telephone: 954-525-4100
edelsberg@kolawyers.com
ostrow@kolawyers.com

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis
14 NE 1st Avenue, Suite 400
Miami, FL 33132
Telephone: 305-479-2299
ashamis@shamisgentile.com

**HIRALDO P.A.**
Manuel S. Hiraldo
401 E Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone: 954-400-4713
mhiraldo@hiraldolaw.com

*Counsel for Plaintiff Katiria Ramos*

**AKERMAN LLP**
Jeffrey Benjamin Pertnoy
Stacy Jaye Rodriguez
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL 33131
Telephone: (305) 374-5600
jeffrey.pertnoy@akerman.com
stacy.rodriguez@akerman.com

*Counsel for Hopele of Fort Lauderdale, LLC*