UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-62100-MORENO/SELTZER

KATIRIA RAMOS,
Individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

HOPELE OF FORT LAUDERDALE, LLC
d/b/a PANDORA @ GALLERIA,
a Florida limited liability company, and
PANDORA JEWELRY, LLC, a Maryland
limited liability company,

    Defendants.
_____/

**DEFENDANT PANDORA JEWELRY, LLC'S LOCAL RULE 56.1(a) RESPONSE TO
PLAINTIFF'S AMENDED STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendant Pandora Jewelry, LLC ("Pandora) submits the following response to Plaintiff's Amended Statement of Undisputed Material Facts (ECF No. 75) in support of her Motion for Summary Judgment (the "Motion") pursuant to Local Rule 56.1(a):[1]

1. Undisputed.

2. Undisputed.

3. Pandora does not dispute that, on September 10, 2010, Pandora Franchising, LLC and Hopele entered into a franchise agreement (the "Franchise Agreement"), pursuant to which Hopele agreed to develop and operate a Pandora store at The Galleria Mall in Fort Lauderdale, FL.[2]

4. Pandora disputes this statement because it mischaracterizes the evidence cited. The evidence cited does not show that "Hopele purchases Pandora's jewelry products pursuant to a quota set by Pandora." Neither the Franchise Agreement nor the Operations Manual (the "Operations Manual")[3] refer to a "quota." ▮▮▮ (Deposition of David Pentecost (30(b)(6) (dated Mar. 9, 2018) ("Hopele Dep.") at 27:2–5.)

5. Undisputed, but immaterial.

6. Pandora disputes this statement because it mischaracterizes the evidence cited. ▮▮▮ (Hopele Dep. at 37:16–21; *see also* Operations Manual at 64.)

7. Pandora disputes this statement because it mischaracterizes the evidence cited with respect to Hopele's access of consumer contact information in the KWI system ▮▮▮ (Deposition of Laurie McDonald (dated Mar. 12, 2018) ("McDonald Dep.") at 96:1–10).[4]

---

[1] Pandora incorporates by reference the Counter-Statement of Facts in Opposition to Plaintiff's Motion for Summary Judgment filed by Hopele of Fort Lauderdale, LLC ("Hopele").

[2] The transcript for Mr. Pentecost's deposition is attached as Exhibit B to Plaintiff's Motion for Summary Judgment (ECF No. 70).

[3] The Franchise Agreement and Pandora Operations Manual are attached as Composite Exhibit A to Plaintiff's Response to Defendant Pandora Jewelry, LLC's Statement of Undisputed Material Facts (ECF No. 66).

[4] The transcript for the deposition of Laurie McDonald is attached as Exhibit A to Plaintiff's Motion for Summary Judgment (ECF No. 70).

8. Pandora disputes this statement because it mischaracterizes the evidence cited. ▇▇▇

(McDonald Dep. at 86:20–87:3; 88:8–11.)

9. Undisputed, but immaterial.

10. Pandora disputes this statement because it misstates the evidence cited. ▇▇▇

▇▇▇ (Hopele Dep. at 35:2–36:21.)

11. Undisputed, but immaterial.
12. Undisputed, but immaterial.
13. Undisputed, but immaterial.
14. Undisputed, but immaterial.
15. Undisputed, but immaterial.
16. Undisputed, but immaterial.
17. Undisputed, but immaterial.
18. Undisputed, but immaterial.
19. Pandora disputes this statement because it mischaracterizes the evidence cited. ▇▇▇

▇▇▇ (McDonald Dep. at 66:11–67: 10.)

20. Pandora disputes this statement because it mischaracterizes the evidence cited. ▇▇▇

▇▇▇ (*Id.* at 73:12–18.)

21. Undisputed, but immaterial.
22. Undisputed, but immaterial.
23. Undisputed, but immaterial.
24. Undisputed, but immaterial.
25. Pandora disputes this statement because it mischaracterizes the evidence cited. ▇▇▇

██████████████████████████████████████████████████
████████████████████████████████ (*Id.* at 70:1–71:1.)

26. Pandora disputes this statement because it mischaracterizes the evidence cited. ██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████ (*Id.* at 69:1–5.)

27. Pandora disputes this statement because it mischaracterizes the evidence cited. ██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
███████ (*Id.* at 70:10–21.)

28. Undisputed.

29. Undisputed.

30. Undisputed.

31. Pandora disputes this statement. ██████████████████████████
██████████████████████████████████████████████████Operations Manual at 54.)

32. Pandora disputes this statement because it mischaracterizes the evidence cited. ██████████████████████████████████████████████████
████████████████████████████████ (*Id.* at 83:12–17; 85:2–8.)

33. Undisputed.

34. Pandora disputes this statement because it mischaracterizes the evidence cited. ██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████ (*Id.* at 80:2–12.)

35. Pandora disputes this statement. ██████████████████████████
██████████████████████████████████████████████████
████████████ (*Id.* at 32:17–33:2) (emphasis added.) ████████
██████████████████████████████████████████████████
███████████████████████████ (Franchise Agreement at 13.)

3

36. Undisputed.
37. Undisputed.
38. Pandora disputes this statement. ▮
▮ (*See* Hopele Dep. at 113:7–12.)
39. Pandora disputes this statement. ▮
▮ (*See* Hopele Dep. at 113:7-12.) ▮
▮ (*See id.* at 102:23–103:13.)
40. Undisputed.
41. Undisputed.
42. Undisputed.
43. Undisputed.
44. Undisputed.
45. Undisputed.
46. Pandora disputes this statement insofar as it refers to "Class Members." No class has been certified yet in this matter and therefore there are no current class members. ▮
▮
▮ (Hopele Dep. at 42:22–43:3.)
47. Undisputed.
48. Undisputed.
49. Pandora disputes this statement because it misstates the evidence cited. ▮
▮
▮ (Hopele Dec. 48:24–49:2.)
50. Undisputed.
51. Undisputed.
52. Undisputed.
53. Undisputed.
54. Undisputed.
55. Undisputed.
56. Undisputed.

57. Undisputed.

58. Undisputed.

59. Undisputed.

60. Undisputed.

61. Undisputed.

62. Undisputed.

63. Pandora disputes this statement. ███████████
███████████████████████████████ (McDonald Dep. at 22:4–8.)

64. Pandora disputes this statement. ███████████
███████████████████████ (*Id.*)

65. Undisputed.

66. Pandora disputes this statement because it mischaracterizes the evidence cited.
███████████████████████████████████████████
███████████████████████████████████████████
████████████ (Deposition of Jason Shroyer (dated Mar. 12, 2018) ("Shroyer Dep.") at 25:14–20.)[5]

67. Pandora disputes this statement. ███████████
███████████████████████████████████████████
███████████████████████████████████████████
█████ (*Id.* at 25:5–20; 57:1–11.)

68. Undisputed.

69. Undisputed.

70. Pandora disputes this statement. ███████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████ (Shroyer Dep. at 76:18–77:2; McDonald Dep. at133:18–134:4.) ███████████████████████████

---

[5] The transcript for the deposition of Jason Shroyer is attached as Exhibit D to Plaintiff's Motion for Summary Judgment (ECF No. 70).

5



(*Id*. at 74:19–75:8; 78:19–79:12.)

(*Id*. at 75:1–8; 75:18–76:7.)

71. Pandora disputes the statement in this paragraph as it refers to "Class Members." No class has been certified yet in this matter and therefore there are no current class members.

72. Pandora disputes this statement. (Shroyer Dep. at 32:6–33:17; McDonald Dep. at 20:1–6, 23:9–14.) . (Shroyer Dep. at 76:18–77:2; McDonald Dep. at 133:18–134:4.)

73. Pandora disputes this statement for the reasons stated in the response to Paragraph 72. . (McDonald Dep. at 22:4–8.)

74. Pandora disputes this statement. (Shroyer Dep. at 23:2–21.) (*Id*. 27:13–20, 31:4–8; *see also* McDonald Dep. at 24:3–13.) . (Shroyer Dep at 32:6–33:17; McDonald Dep. at 20:1–6, 23:9–14.) (Shroyer Dep. at 78:2–9.)

75. Pandora objects to the statement in this paragraph because it mischaracterizes the evidence cited. Specifically, it states that Pandora "could have ordered Hopele to stop using text messages to advertise to consumers, or risk being violation of the Franchise Agreement," which is not supported by the evidence cited. The Franchise Agreement speaks for itself with respect to

6

Pandora's recourses. More so, the statement mischaracterizes the evidence insofar as it suggests that Pandora had any knowledge leading it to believe that Hopele was acting in violation of the Franchise Agreement. ███

(Shroyer Dep. at 32:6–33:17; McDonald Dep. at 20:1–6, 23:9–14.)

76. Pandora disputes this statement. ███

(Shroyer Dep. at 48:5–12; 55:4–11.) ███

███ (*See* Shroyer Dep. at 48:5–12; 55:4–11; McDonald Dep. at 39:10–19.)

77. Pandora disputes this statement. ███

(Shroyer Dep. at 48:5–12; 55:4–11.) ███ (Shroyer Dep. at 50:10-15.) ███ (*Id.* at 51:8–15, 52:6–10.) ███ (Hopele Dep. 134:19–22.)

78. Undisputed.

**ADDITIONAL MATERIAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION**

79. ███ (Hopele Dep. at 125:2–6.)

80. ███ (*Id.* at 140:16–141:5; 142:17–24.)

81. ███ (ECF No. 21-1; Hopele Dep. 143:24–144:3.)

82. ███ (*See* McDonald Dep. 33:11–13.)

7

CASE NO.: 1:17-CV-62100-MORENO/SELTZER

▇▇▇ (*See* McDonald Dep. 41:7–15.) If ▇▇▇

▇▇▇ (McDonald Dep. 48:5–21, 65:16–66:10.)

83. ▇▇▇ (ECF No 21-1; Hopele Dep. at 143:24–145:3.)

84. ▇▇▇ (Shroyer Dep. at 34:6–12.) ▇▇▇ (McDonald Dep. at 25:6–12, 116:15–21 (▇▇▇).)

85. ▇▇▇ (Hopele Dep. 134:19–22.)

86. ▇▇▇ (Deposition of Katiria Ramos (dated Feb. 26, 2018) ("Ramos Dep.") at 126:24–128:4 (attached as Exhibit A).)

87. ▇▇▇ (*See id.* at 106:2–6.) ▇▇▇ (*Id.* at 167:24–168:11.)

88. ▇▇▇ (*Id.* at 46:23–47:1.)

89. ▇▇▇ (*Id.* at 91:21–92:1.)

90. ▇▇▇ (*Id.* at 106:2–6.)

91. ███████████████████████████████████████
████████████████ █████████████████████████
████████████████████████████████████████████
███████████████████████████████ (Declaration of Laurie McDonald in Support of Pandora's Response in Opposition to Plaintiff's Motion for Summary Judgment ("McDonald Dec.") at ¶ 2 (attached as Exhibit B).

92. ███████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████ (*Id.* at ¶ 3, Ex. A.)

93. ███████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████ (*Id.* at ¶ 4.)

94. ███████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███ ████ ██████ ███ █████████ █████ ████████ █
███████████████████████████████████(*Id.* at ¶ 5, Ex. A.)

95. ███████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████ (*Id.* at ¶ 6, Ex. B-E.) ███████
██████████████████████████████ (*Id.*)

96. ███████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████ (*Id.* at ¶ 7.)

97. ███████████████████████████████████████
████████████████████████████████████████████
██████████████████████████ █████████████████
████████████████████████████████████████████

9

███████████████████████████████████████████
████████████████████████████ (*Id.* at ¶¶ 7-9, Ex. F.)

98. ███████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████ (*Id.* at ¶ 10.)

99. ███████████████████████████████████████
███████████████████████████████████████████
████████████████████████████ (*Id.* at ¶ 11.)

100. ██████████████████████████████████████
███████████████████████████████████████████
████████████  ████████████████████████████
██████████████████ (*Id.* at ¶ 12-13, Ex F.)

101. ██████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
█████████████████████ (*Id.* at ¶¶ 14-15, Ex G; *see* Ramos Dep. 37:3-24.)

102. ██████████████████████████████████████
████████████████ (*Id.* at ¶¶ 16-18, Ex. G.)

103. ██████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
(*Id.* at ¶ 19.)

104. ██████████████████████████████████████
████████████████████████████████████ (*Id.* at ¶ 20.)

CASE NO.: 1:17-CV-62100-MORENO/SELTZER

| | |
|---|---|
| Dated: April 6, 2018 | Respectfully submitted,<br><br>**GREENBERG TRAURIG, P.A.**<br>333 SE 2nd Avenue<br>Miami, FL  33131<br>Telephone:  (305) 579-0500<br>Facsimile:   (305) 579-0717<br><br>By:      */s/ Ian M. Ross*<br>        HILARIE BASS<br>        Florida Bar No.  334323<br>        bassh@gtlaw.com<br>        IAN M. ROSS<br>        Florida Bar No.  091214<br>        rossi@gtlaw.com<br>        FLService@gtlaw.com<br>        MontelH@gtlaw.com<br><br>**GREENBERG TRAURIG, LLP**<br>1840 Century Park East<br>Suite 1900<br>Los Angeles, CA  90067<br>Telephone:  (310) 586-7700<br>Facsimile:   (310) 586-7800<br>IAN C. BALLON<br>*Admitted pro hac vice*<br>ballon@gtlaw.com<br>NINA D. BOYAJIAN<br>*Admitted pro hac vice*<br>boyajiann@gtlaw.com<br><br>*Attorneys for Defendant, Pandora Jewelry, LLC* |

11

CASE NO.: 1:17-CV-62100-MORENO/SELTZER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of April, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Ian M. Ross
IAN M. ROSS

## SERVICE LIST

**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
Scott A. Edelsberg
Jeff Ostrow, Esq.
1 W. Las Olas Boulevard, Suite 500
Fort Lauderdale, FL 33301
Telephone: 954-525-4100
edelsberg@kolawyers.com
ostrow@kolawyers.com

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis
14 NE 1st Avenue, Suite 400
Miami, FL 33132
Telephone: 305-479-2299
ashamis@shamisgentile.com

**HIRALDO P.A.**
Manuel S. Hiraldo
401 E Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone: 954-400-4713
mhiraldo@hiraldolaw.com

*Counsel for Plaintiff*

**AKERMAN LLP**
Jeffrey Benjamin Pertnoy
Stacy Jaye Rodriguez
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL 33131
Telephone: (305) 374-5600
jeffrey.pertnoy@akerman.com
stacy.rodriguez@akerman.com

*Counsel for Hopele of Fort Lauderdale, LLC*