## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:17-cv-62100-FAM

KATIRIA RAMOS,
individually and on behalf of all
others similarly situated,

**CLASS ACTION**

      Plaintiff,

**JURY TRIAL DEMANDED**

v.

HOPELE OF FORT LAUDERDALE, LLC
d/b/a PANDORA @ GALLERIA,
a Florida limited liability company, and
PANDORA JEWELRY, LLC, a Maryland
limited liability company,

      Defendants.

_____/

### PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Katiria Ramos, on behalf of herself and a class of similarly situated persons, with the consent of Defendants Hopele of Fort Lauderdale, LLC d/b/a Pandora @ Galleria ("Hopele"), and Pandora Jewelry, LLC ("Pandora") (collectively "Defendants"), respectfully requests the entry of an order granting preliminary approval of the class action settlement set forth in the Parties' Settlement Agreement ("Settlement Agreement" or "Agreement"),[1] certifying a class for settlement purposes, and providing for issuance of Notice to the Settlement Class.

### I.    INTRODUCTION

After hard-fought litigation and with the help of Circuit Mediator Andrea Doneff of the Eleventh Circuit Kinnard Mediation Center, the Parties reached the proposed Settlement. The Settlement Agreement establishes a $525,000.00 Settlement Fund, which will also be used to the pay the costs of Settlement Administration and Notice Administration. If approved, the Settlement will bring an end to what has otherwise been, and likely would continue to be, contentious and costly litigation.

---

[1] The Agreement is attached as **Exhibit A**. All capitalized terms used herein have the same definitions as those defined in the Agreement.

This motion seeks the entry of an order providing for, among other things:

1. Preliminary Approval of the Settlement;

2. Preliminary certification of a Settlement Class and appointment of the Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

3. Approval of the Settlement Administrator, Notice Administrator and Escrow Agent;

4. Approval of the Notice program describing:

    a. The Settlement and the Settlement Class members' rights with respect to the Settlement;

    b. The proposed Release of claims;

    c. Class Counsel's request for attorneys' fees and expenses, as well a Service Award for the Class Representative; and

    d. The procedure for opting-out of or objecting to the Settlement;

5. Approval of the Claims process; and

6. The scheduling of a Final Approval Hearing to consider Final Approval of the Settlement.

The Parties' proposed Settlement is exceedingly fair and well within the range of Preliminary Approval for several reasons. *See* Declaration of Manuel S. Hiraldo ¶ 2, attached hereto as **Exhibit B**. First, it provides relief for Settlement Class Members where their recovery, if any, would otherwise be uncertain, especially given Defendants' ability and willingness to continue their vigorous defense of the case. Second, the Settlement was reached only after first engaging in extensive litigation and extensive arm's-length negotiations, including a mediation with Circuit Mediator Andrea Doneff, and subsequent negotiations with the assistance of Ms. Doneff. Third, the Settlement is not conditioned on any amount of attorneys' fees for Class Counsel or Service Award for Plaintiff, which speaks to the fundamental fairness of the process. Hiraldo Decl. ¶ 3.

For all of these reasons, and as further described below, Plaintiff respectfully requests that the Court preliminarily approve the Settlement.

## II.    BACKGROUND

### a. Facts

The Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and its implementing regulations were enacted by Congress and the Federal Communications Commission to "offer

consumers greater protection from intrusive telemarketing calls….”[2]  Hopele and certain of its affiliates initiated a marketing campaign that resulted in the transmission of text messages to Plaintiff and approximately 144,311 other individuals. Plaintiff alleged that this marketing campaign violated the TCPA because the texts were sent to consumers without express written consent, using an automatic telephone dialing system ("ATDS"). This Court granted summary judgment for the Defendants,.

   b.  **Procedural History**

On October 26, 2017, Plaintiff filed a Class Action Complaint on behalf of herself and all others similarly situated against Defendants, seeking damages and injunctive relief based on a text marketing campaign conducted by Hopele.  [ECF No. 1].  The Complaint alleged that Defendants sent illegal marketing text messages to Plaintiff and thousands of others like her.

Pandora answered the Complaint asserting affirmative defenses and immediately moved for summary judgment on the basis that, as a franchisor, it had no principal/agent relationship with Hopele, and could not be held vicariously liable for Hopele's text messages as a matter of law. [ECF Nos. 18, 19].  Hopele answered the Complaint, asserting as defenses, *inter alia*, that Plaintiff lacked Article III standing, that she consented to receive the text messages, and that any text messages to Plaintiff were sent as a result of human intervention, and were not sent using an ATDS, as required to support a TCPA claim.  [ECF No. 24].

Following significant fact and expert discovery, Plaintiff moved for class certification over Defendants' opposition. [ECF Nos. 61, 107, 116]. Plaintiff and Hopele also each moved for summary judgment. [ECF Nos. 62, 70].  Plaintiff argued that the undisputed material facts showed that Hopele violated the TCPA by sending text messages to Plaintiff and putative class members using an ATDS, without their express written consent and that Pandora is vicariously liable for Hopele's violations. [ECF No. 70].

In its motion for summary judgment, Hopele argued the opposite of Plaintiff, specifically, that the EZ-Texting system it used to send the text messages is not an ATDS as a matter of law and that the text messages were sent as a result of significant human intervention. [ECF No. 62]. Hopele also argued in its motion that the EZ-Texting system lacked the capacity to generate random and sequential telephone numbers to dial, thereby precluding a TCPA claim.  Pandora

---

[2]  Federal Communications Commission, Small Entity Compliance Guide for the TCPA (dated May 13, 2013), https://apps.fcc.gov/edocs_public/attachmatch/DA-13-1086A1.pdf.

joined in Hopele's opposition to Plaintiff's summary judgment motion arguing, *inter alia*, that the text messages were not sent using an ATDS.  [ECF No. 94].

After full briefing of all three parties' respective motions for summary judgment, Magistrate Judge Barry Seltzer issued a Report and Recommendations on the motions ("R&R"). [ECF No. 136]. In the R&R, Magistrate Judge Seltzer found that there was significant human intervention removing the EZ-Texting platform from the definition of an ATDS. *Id*. Thus, Magistrate Judge Seltzer recommended that: (1) Hopele's Motion for Summary Judgment be granted; (2) Ramos' Motion for Summary Judgment be denied; (3) Pandora's Motion for Summary Judgment be denied as moot; (4) Ramos's Motion for Class Certification be denied as moot; (5) the outstanding *Daubert* motions be denied as moot; and (6) judgment be entered in favor of Defendants. *Id*.  Plaintiff objected to the R&R.  [ECF No. 138].  On September 20, 2018, this Court entered an Order Adopting the Magistrate Judge's Report and Recommendation and Order Granting Defendant's Motion for Summary Judgment and entered Final Judgment the same day. [ECF No. 145, 146].

On September 24, 2018, Plaintiff moved for reconsideration.  [ECF No. 147].  On October 19, 2018, this Court denied the Motion for Reconsideration. [ECF No. 152]. Plaintiff subsequently appealed the Court's order to the Eleventh Circuit. [ECF No. 153].  The parties were ordered to appellate mediation, and ultimately reached the settlement that is the subject of this Motion.

## III.     SUMMARY OF THE SETTLEMENT TERMS

The following is a summary of the material terms of the Settlement.

### a.   The Settlement Class

The proposed Settlement establishes a Settlement Class as follows:

> **All persons who, from October 26, 2013 through the present, received a text message from (i) Hopele, and/or (ii) the Other Hopele Entities, without providing prior express written consent to those entities or Pandora**.

The Settlement Class excludes the following: (1) the trial judge presiding over this case; (2) Defendants, as well as any parent, subsidiary, affiliate, or control person of Defendants, and the officers, directors, agents, servants, or employees of Defendants; (3) any of the Released Parties; (4) the immediate family of any such person(s); (5) any Settlement Class Member who has timely opted out of this proceeding; and (6) Plaintiff's Counsel, their employees, and their immediate family.

**b. <u>Settlement Consideration</u>**

Pursuant to the Settlement, Defendants have agreed to establish a cash settlement fund for the benefit of Settlement Class Members in the amount of $525,000.00 ("Settlement Fund"). Defendants will deposit the Settlement Fund into an Escrow Account within 30 calendar days of Preliminary Approval.

**c. <u>The Notice Program</u>**

Pending this Court's approval, JND Legal Administration ("JND") will serve as the Notice Administrator, and will be responsible for administrating the Notice Program. The Notice Program consists of four different components: (1) E-mail Notice, (2) Mailed Notice, and (3) Long-Form Notice. The forms of the proposed Mailed Notice, E-mail Notice, and Long-Form Notice, agreed upon by Class Counsel and Defendants, subject to this Court's approval and/or modification, are attached to the Settlement Agreement as Exhibits 2-4.

The Notice program is designed to provide the Settlement Class with important information regarding the Settlement and their rights thereunder, including a description of the material terms of the Settlement; a date by which Settlement Class members may exclude themselves from or "opt-out" of the Settlement Class; a date by which Settlement Class Members may object to the Settlement, Class Counsel's fee application and/or the request for a Service Award; the date of the Final Approval Hearing; information regarding the Settlement Website where Settlement Class members may access the Agreement, and other important documents.

**i. E-mail Notice**

Many members of the Settlement Class will receive Email Notice. In addition to having their telephone numbers, Defendants have approximately 144,311 Settlement Class members' email addresses. Those Settlement Class members will receive Email Notice in lieu of Mailed Notice, as this is more practicable for them, and to send mailed notice would increase costs resulting in lower Settlement Fund Payments. A copy of the Email Notice is attached to the Settlement Agreement as Exhibit 2. The Email Notice will direct Settlement Class members to the Settlement Website where they will be able to complete and submit an electronic Claim Form.

**ii. Mailed Notice**

The members of the Settlement Class that are not sent Email Notice will receive Mailed Notice, which shall consist of a direct mail postcard. A copy of the Mailed Notice is attached to the Settlement Agreement as Exhibit 4. The Settlement Administrator will be provided with some

of the mailing addresses for Settlement Class members and will determine the remaining Settlement Class members' addresses by conducting a "Reverse Append" address look-up and comparing those addresses with the U.S. Post Office's National Change of Address database.

In the event postcards are returned for insufficient addresses, the Notice Administrator will attempt to identify a better address for the Settlement Class member and will re-mail the postcard to that address ("Notice Re-mailing Process").

### iii.  Long-Form Notice

The Mailed Notice, Email Notice, and Online Notice will all contain the address for the Settlement Website.  On the website, Settlement Class members will find important documents and court filings, including the Long-Form Notice, which will contain more detail than the Mailed Notice, Email Notice, and Online Notice.  A copy of the Long Form Notice is attached to the Settlement Agreement as Exhibit 3.  Further, The Long Form Notice will be sent to all Settlement Class members who contact the Settlement Administrator by telephone or email and request a copy.

### iv.  Settlement Website & Toll-Free Telephone Number

The Settlement Administrator will establish a Settlement Website as a means for Settlement Class members to obtain notice of, and information about, the Settlement. The Settlement Website will be established as soon as practicable following Preliminary Approval, but no later than before commencement of the Notice Program.  The Settlement Website will include an online portal to file Claim Forms, hyperlinks to the Settlement, the Long-Form Notice, the Preliminary Approval Order, and other such documents as Class Counsel and counsel for Defendants agree to post or that the Court orders be posted on the Settlement Website.  These documents will remain on the Settlement Website at least until Final Approval.

The Settlement Administrator will also establish and maintain an automated toll-free telephone line for Settlement Class members to call with Settlement-related inquiries.

### d.  Claims Process

The Claims Process here is straightforward, easy to understand for Settlement Class members, and designed so that they can easily claim to their portion of the Settlement Fund. Hiraldo Decl. ¶ 4.  Settlement Class members will make a claim by submitting a valid Claim Form to the Claims Administrator, which will then be evaluated for timeliness and completeness.  A copy of the Claim Form is attached to the Settlement Agreement as Exhibit 1.  Claim Forms may

be sent in by hard copy or submitted electronically on the Settlement Website.  The Claim Form requires basic information from Settlement Class members: (1) name; (2) current address; (3) cellular telephone number(s) at which she or he was sent a Text Message; and (4) a current contact telephone number.  Once a Settlement Class member submits a Claim Form that is approved by the Settlement Administrator, the Settlement Class Member will then be eligible to automatically receive a cash payment.  In the event a Claim Form is deficient, in that information is missing, inaccurate, or does not match up to a telephone number that received a Text Message, the Claims Administrator will attempt to contact the Settlement Class member and the Settlement Class member will have another opportunity to submit a valid Claim Form.  Untimely Claim Forms will be rejected and those Settlement Class Members will not receive a Settlement Fund Payment.  If those same Settlement Class Members also fail to timely opt-out, they will remain in the Settlement Class and their claims will be released.

### e.   Allocation of the Settlement Fund Payments

Each Settlement Class Member who timely files a valid Claim Form shall automatically receive a cash distribution payable by check.  The amount of each cash distribution shall be determined by the following formula: Net Settlement Fund divided by total number of Settlement Class Members = Settlement Fund Payment.  Settlement Class Claimants will be sent their Settlement Fund Payments to the address they submitted on their Claim Form no later than 45 days following the Effective Date.

### f.   Residual Funds Remaining After Initial Distribution

No residual funds shall revert back to Defendants.  Four months after the date the Settlement Administrator mails the first round of Settlement Fund Payments, any residual funds in the Settlement Fund shall be distributed on a *pro rata* basis to participating Settlement Class Members who received and cashed Settlement Fund Payments in the first round of distributions, to the extent feasible and practical in light of the costs of administering such subsequent payments, unless other specific reasons exist that would make such further distributions impossible or unfair. All costs associated with the disposition of residual funds – whether through additional distributions to Settlement Class Members and/or through an alternative plan approved by the Court – shall be payable out of the Settlement Fund.

**g.   Settlement Administrator**

Pending this Court's approval, JND Legal Administration, shall serve as the Settlement Administrator.  The Settlement Administrator's responsibilities include:

i.   obtaining from Class Counsel and Defendants cellular telephone information, and to the extent it is available, name, email, and address information, for Settlement Class members;

ii.   performing reverse telephone number look-ups by cellular telephone number to determine available associated physical addresses that might exist for any Settlement Class members for whom the Parties do not have email addresses, and verifying and updating the addresses received through the National Change of Address database, for the purpose of providing Mailed Notice;

iii.   providing Mailed Notice;

iv.   providing Email Notice (to the extent reasonably ascertainable);

v.   providing Long Form Notice to Settlement Class members;

vi.   effectuating the Online Notice program, to the extent necessary;

vii.   establishing and maintaining the Settlement Website;

viii.   establishing and maintaining a post office box for requests for exclusion from the Settlement Class;

ix.   receiving, evaluating, and processing Claim Forms;

x.   advising Settlement Class members if their Claim Forms are deficient;

xi.   providing weekly reports about the Notice plan and number and identity of opt-outs (if any) to Class Counsel and Defendants' counsel;

xii.   establishing and maintaining an automated and toll-free telephone line for Settlement Class members to call with Settlement-related inquiries, and answer the questions of Settlement Class members who call with or otherwise communicate such inquiries;

xiii.   responding to any Settlement Class member inquiries;

xiv.   processing all requests for exclusion from the Settlement Class;

xv.   at Class Counsel's request in advance of the Final Approval Hearing, preparing a declaration to submit to the Court that identifies each Settlement Class member who timely and properly requested exclusion from the Settlement Class;

xvi.   performing the duties of Escrow Agent as described in this Agreement, and any other

Settlement-administration-related function at the instruction of Class Counsel and Defendants, including, but not limited to, verifying that Settlement Funds have been distributed as required;

xvii.   distributing Settlement Fund Payments;

xviii.  repaying to Defendants the Settlement Fund in the event of a termination of the Settlement pursuant to this Agreement; and

xix.    performing the duties of Tax Administrator described in this Agreement, and any other Settlement-administration and tax-related function at the instruction of Class Counsel and Defendants.

### h. Opt-Out and Objection Procedures

Settlement Class members who do not wish to participate in the Settlement must opt-out of the Settlement by sending a written request to the Settlement Administrator at the address designated in the Notice.  Settlement Class members who timely opt-out of the Settlement will preserve their rights to individually pursue any claims they may have against Defendants, subject to any defenses that Defendants may have against those claims.  The Settlement Agreement details the requirements to properly opt-out of the Settlement Class. A Settlement Class member must opt-out of the Settlement Class by the Opt-Out Period, which is 30 days prior to the Final Approval Hearing.  The Settlement Administrator will communicate any opt-out requests to Class Counsel, who will in turn report them to the Court as part of the Final Approval Hearing and those names will be referenced in an exhibit to the Final Approval Order.

Settlement Class Members who wish to file an objection to the Settlement must do so no later than 30 days prior to the Final Approval Hearing.  Pending Court approval, for an objection to be considered by the Court, it must include the following:

a.   the name of the Action;

b.   the objector's full name, address and telephone number;

c.   an explanation of the basis upon which the objector claims to be a Settlement Class Member;

d.   all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

e.   the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each

case in which the objector has made such an objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

f.   the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

g.   a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections made by individuals or organizations represented by that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years the objector's counsel;

h.   any and all agreements that relate to the objection or the process of objecting— whether written or oral—between objector or objector's counsel and any other person or entity;

i.   the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

j.   a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

k.   a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

l.   the objector's signature (an attorney's signature is not sufficient).

### i.   Release of Claims

In exchange for the Settlement consideration, Plaintiff and all Settlement Class Members, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged Hopele, the Other Hopele Entities, and Pandora and each of their present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, guarantors, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, agents, independent contractors, text messaging service providers, wholesalers, resellers, distributors, retailers, predecessors, successors, and assigns of each of them, of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses, and remedies, whether known

or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters at any time from the beginning of the Class Period through the date the Final Approval of the Settlement Agreement is entered by the Court, that were or could have been claimed, raised, or alleged in this Action to the extent they arise from or relate to text messages sent by or on behalf of Hopele, the Other Hopele Entities, or Pandora.

### j.   **Class Counsel Fees and Expenses and Plaintiff's Service Award**

Defendants have agreed not to oppose Class Counsel's request for attorneys' fees of up to 33.33% of the Settlement Fund and not to oppose Class Counsel's request for reimbursement of costs and expenses. Defendants have also agreed not to oppose an application for a Service Award for the Plaintiff up to $5,000.00. The Court should consider whether to grant or deny these awards separate and apart from its consideration of the fairness and reasonableness of the Settlement.

### IV.   **THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL**

### a.   **The Legal Standard for Preliminary Approval**

Rule 23(e) of the Federal Rules of Civil Procedure provides that before a class action may be dismissed or compromised, notice must be given in the manner directed by the court, and judicial approval must be obtained. Fed. R. Civ. P. 23(e). As a matter of public policy, courts favor settlements of class actions for their earlier resolution of complex claims and issues, which promotes the efficient use of judicial and private resources. *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). The policy favoring settlement is especially relevant in class actions and other complex matters, where the inherent costs, delays and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See, e.g., Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002) ("There is an overriding public interest in favor of settlement, particularly in class actions that have the well-deserved reputation as being most complex.") (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)); *see also 4 Newberg on Class Actions* § 11.41 (4th ed. 2002) (citing cases).

Approval of a class action settlement is a two-step process. *Fresco v. Auto Data Direct, Inc.*, 2007 WL 2330895, at *4 (S.D. Fla. 2007). Preliminary approval is the first step, requiring the Court to "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *Id*. (citations omitted). In the second step, after notice to settlement class

11

members and time and opportunity for them to object or otherwise be heard, the court considers whether to grant final approval of the settlement as fair and reasonable under Rule 23. *Id*.

The standard for granting preliminary approval is low—a proposed settlement will be preliminarily approved if it falls "within the range of possible approval" or, otherwise stated, if there is "probable cause" to notify the class of the proposed settlement and "to hold a full-scale hearing on its fairness[.]" *In re Mid-Atl. Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1384 (D. Md. 1983) (quoting MANUAL FOR COMPLEX LITIGATION § 1.46 at 62, 64-65 (1982)); *see also* NEWBERG ON CLASS ACTIONS § 13:13 (5th ed. 2016) ("Bearing in mind that the primary goal at the preliminary review stage is to ascertain whether notice of the proposed settlement should be sent to the class, courts sometimes define the preliminary approval standard as determining whether there is 'probable cause' to submit the [settlement] to class members and [to] hold a full-scale hearing as to its fairness."). Thus, "[p]reliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are not obvious deficiencies, and the settlement falls within the range of reason." *In re Checking Account Overdraft Litig.*, 275 F.R.D. 654, 661-62 (S.D. Fla. 2011).

Class Counsel and Defendants respectfully request that the Court take the first step in the process and grant Preliminary Approval of the Settlement. The Settlement is clearly within the range of reasonableness, and satisfies all standards for Preliminary Approval.

### b. The Settlement Satisfies the Criteria for Preliminary Approval

Each of the relevant factors weighs heavily in favor of Preliminary Approval of this Settlement. First, the Settlement was reached in the absence of collusion, and is the product of good-faith, informed and extensive arm's length negotiations amongst competent counsel. Furthermore, a preliminary review of the factors related to the fairness, adequacy and reasonableness of the Settlement demonstrates that it fits well within the range of reasonableness, such that Preliminary Approval is appropriate. Hiraldo Decl. ¶ 5.

Any settlement requires the parties to balance the merits of the claims and defenses asserted against the attendant risks of continued litigation and delay. Plaintiff and Class Counsel believe that the claims asserted are meritorious and that Plaintiff would prevail if this matter proceeded to decision on appeal, then back to this Court for trial. Defendants argue that Plaintiff's claims are unfounded, deny any and all liability, and have shown a willingness to litigate vigorously. Hiraldo

Decl. ¶ 6. Indeed, Defendants prevailed at the trial court level, and assuming the judgment is affirmed on appeal, neither the Plaintiff nor the Class would receive any compensation.

The Parties concluded that the benefits of the Settlement outweigh the risks and uncertainties attendant to continued litigation that include, but are not limited to, the risks, time and expenses associated with completing appellate review of the Court's ruling on summary judgment and further trial court proceedings in the event the judgment in favor of Defendants is reversed on appeal.  Hiraldo Decl. ¶ 7.

### c.   The Settlement Agreement is the Product of Good Faith, Informed and Arm's Length Negotiations

A class action settlement should be approved so long as a district court finds that "the settlement is fair, adequate and reasonable and is not the product of collusion between the parties." *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977);[3] *see also Lipuma v. American Express Co*., 406 F. Supp. 2d 1298, 318-19 (S.D. Fla. 2005) (approving class settlement where the "benefits conferred upon the Class are substantial, and are the result of informed, arms-length negotiations by experienced Class Counsel").

The Settlement here is the result of extensive, arm's-length negotiations between experienced attorneys who are familiar with class action litigation and with the legal and factual issues of this Action.  Hiraldo Decl. ¶ 8.  The Parties engaged in formal mediation before an experienced and respected mediator. The mediation and the negotiations were arm's-length and extensive. *See Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1384 (S.D. Fla. 2007) (concluding that class settlement was not collusive in part because it was overseen by "an experienced and well-respected mediator").

Furthermore, Class Counsel are particularly experienced in the litigation, certification, trial, and settlement of nationwide class action cases.  Hiraldo Decl. ¶ 9.  Class Counsel zealously represented their client throughout the litigation, and throughout the discovery process, which included review of numerous pages of documents and electronic data.  Hiraldo Decl. ¶ 10.

In negotiating this Settlement, Class Counsel had the benefit of years of experience in litigating and settling complex class actions and a familiarity with the facts of the Action.  As detailed above, Class Counsel conducted a thorough analysis of Plaintiff's claims and engaged in

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.

extensive discovery with Defendants and third parties.  Hiraldo Decl. ¶11.  Class Counsel's review of that discovery enabled them to gain an understanding of the evidence related to central questions in the Action, and prepared them for well-informed settlement negotiations. *See Francisco v. Numismatic Guaranty Corp. of America*, 2008 WL 649124, *11 (S.D. Fla. Jan. 31, 2008) (stating that "Class Counsel had sufficient information to adequately evaluate the merits of the case and weigh the benefits against further litigation" where counsel conducted two 30(b)(6) depositions and obtained "thousands" of pages of documentary discovery).

### d.  The Facts Support a Preliminary Determination that the Settlement is Fair, Adequate and Reasonable

The Settlement falls within the "range of reason" such that notice and a final hearing as to the fairness, adequacy and reasonableness of the Settlement is warranted.

#### i.  Likelihood of Success at Trial

Class Counsel are confident in the strength of Plaintiff's case, but are also pragmatic in their awareness of the reversal rate in the Eleventh Circuit as well as the various defenses available to Defendants had the case been reversed and remanded for trial, and the risks inherent on appeal and any subsequent proceedings. Hiraldo Decl. ¶ 12.  Further, it still remains unclear whether Plaintiff would be able to certify a class for resolution of the asserted claims at trial.  Under the circumstances, Class Counsel appropriately determined that the Settlement outweighs the risks of continued litigation.  Hiraldo Decl. ¶ 13.

Even if Plaintiff and the Settlement Class ultimately prevailed on appeal and then at trial, any recovery could be delayed for years by subsequent appeals by Defendants. *Lipuma*, 406 F. Supp. 2d at 1322 (likelihood that appellate proceedings could delay class recovery "strongly favor[s]" approval of a settlement).  This Settlement provides substantial relief to Settlement Class Members, without further delay.

#### ii.  Range of Possible Recovery and the Point on or Below the Range of Recovery at Which a Settlement is Fair

When evaluating "the terms of the compromise in relation to the likely benefits of a successful trial . . . the trial court is entitled to rely upon the judgment of experienced counsel for the parties." *Cotton*, 559 F.2d at 1330.  "Indeed, the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel." *Id.*

Courts have determined that settlements may be reasonable even where plaintiffs recover only part of their actual losses. *See Behrens v. Wometco Enterprises, Inc.*, 118 F.R.D. 534, 542 (S.D. Fla. 1988) ("[T]he fact that a proposed settlement amounts to only a fraction of the potential recovery does not mean the settlement is unfair or inadequate"). "The existence of strong defenses to the claims presented makes the possibility of a low recovery quite reasonable." *Lipuma*, 406 F. Supp. 2d at 1323.

The $525,000.00 cash recovery in this case is more than reasonable, given the complexity of the litigation and the significant risks and barriers that loomed in the absence of settlement. Hiraldo Decl. ¶ 14. There can be no doubt that this Settlement is a fair and reasonable recovery in light of Defendants' defenses, the appeal, the uncertainty of class certification, and the challenging and unpredictable path of litigation Plaintiff and all Settlement Class members would face absent a settlement. Hiraldo Decl. ¶ 15.

### iii.  Complexity, Expense and Duration of Litigation

The traditional means for handling claims like those at issue here would tax the court system, require a massive expenditure of public and private resources, and, given the relatively small value of the claims of the individual class members, would be impracticable. Thus, the Settlement is the best vehicle for Settlement Class Members to receive the relief to which they are entitled in a prompt and efficient manner. Hiraldo Decl. ¶ 16.

### iv.  Stage of Proceedings

Courts consider the stage of proceedings at which settlement is achieved "to ensure that Plaintiffs had access to sufficient information to adequately evaluate the merits of the case and weigh the benefits of settlement against further litigation." *Lipuma*, 406 F. Supp. 2d at 1324.

The Settlement was reached only after extensive litigation, summary judgment in favor of Defendants, and an appeal. As a result, Class Counsel were extremely well-positioned to confidently evaluate the strengths and weaknesses of Plaintiff's claims and prospects for success. Hiraldo Decl. ¶ 17.

### e. __Certification of the Settlement Class is Appropriate__

For settlement purposes,[4] Plaintiff and Class Counsel respectfully request that the Court certify the Settlement Class defined in the Agreement. "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

Certification of the proposed Settlement Class will allow notice of the Settlement to issue to inform Settlement Class members of the existence and terms of the Settlement, of their right to object and be heard on its fairness, of their right to opt-out, and of the date, time and place of the Final Approval Hearing. *See Manual for Compl. Lit.*, at §§ 21.632, 21.633.  For the reasons set forth below, certification is appropriate under Rule 23(a) and (b)(3).

Certification under Rule 23(a) of the Federal Rules of Civil Procedure requires that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Under Rule 23(b)(3), certification is appropriate if the questions of law or fact common to the members of the class predominate over individual issues of law or fact and if a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The numerosity requirement of Rule 23(a) is satisfied because the Settlement Class consists of approximately 144,312 individuals, and joinder of all such persons is impracticable. *See* Fed. R. Civ. P. 23(a)(1); *Kilgo v. Bowman Trans.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members "from a wide geographical area").

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2551 (2011) (citation omitted).  Here, the commonality

---

[4]     While Defendants consent to the relief sought by this motion, their consent is limited to certifying the class for settlement purposes only, and in no way constitutes an admission of liability or a waiver of any defenses.

requirement is readily satisfied.  There are multiple questions of law and fact – centering on Defendants' text messaging marketing program – that are common to the Settlement Class, that are alleged to have injured all Settlement Class members in the same way, and that would generate common answers.

For similar reasons, Plaintiff's claims are reasonably coextensive with those of the absent class members, such that the Rule 23(a)(3) typicality requirement is satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").  Plaintiff is typical of absent Settlement Class members because she received a Text Message and claims to have suffered the same injuries, and because they will all benefit from the relief provided by the Settlement.

Plaintiff and Class Counsel also satisfy the adequacy of representation requirement. Adequacy under Rule 23(a)(4) relates to (1) whether the proposed class representative has interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake this litigation. *Fabricant*, 202 F.R.D. at 314. The determinative factor "is the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the members of the class." *Lyons v. Georgia-Pacific Corp. Salaried Employees Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000) (internal quotation marks omitted). Plaintiff's interests are coextensive with, not antagonistic to, the interests of the Settlement Class, because Plaintiff and the absent Settlement Class members have the same interest in the relief afforded by the Settlement, and the absent Settlement Class members have no diverging interests.  Further, Plaintiff and the Settlement Class are represented by qualified and competent Class Counsel who have extensive experience and expertise prosecuting complex class actions.   Class Counsel devoted substantial time and resources to vigorous litigation of the Action.

Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted).  Plaintiff readily satisfies the Rule 23(b)(3) predominance

requirement because liability questions common to all Settlement Class members substantially outweigh any possible issues that are individual to each Settlement Class member. Further, resolution of thousands of claims in one action is far superior to individual lawsuits, because it promotes consistency and efficiency of adjudication. *See* Fed. R. Civ. P. 23(b)(3). For these reasons, the Court should certify the Settlement Class.

### f.   The Court Should Approve the Proposed Notice Program

"Rule 23(e)(1)(B) requires the court to direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." *Manual for Compl. Lit*. § 21.312 (internal quotation marks omitted). The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950). To satisfy this standard, "[n]ot only must the substantive claims be adequately described but the notice must also contain information reasonably necessary to make a decision to remain a class member and be bound by the final judgment or opt-out of the action." *Twigg v. Sears, Roebuck & Co*., 153 F.3d 1222, 1227 (11th Cir. 1998) (internal quotation marks omitted); *see also* Manual for Compl. Lit., § 21.312 (listing relevant information).

The Notice program satisfies all of these criteria. As recited in the Settlement and above, the Notice Program will inform Settlement Class members of the substantive terms of the Settlement. It will advise Settlement Class members of their options for remaining part of the Settlement Class, for objecting to the Settlement, Class Counsel's Attorneys' fee application and/or request for Service Award, or for opting-out of the Settlement, and how to obtain additional information about the Settlement. The Notice Program is designed to reach a high percentage of Settlement Class members, and exceeds the requirements of Constitutional Due Process. Therefore, the Court should approve the Notice Program and the form and content of the Notices.

### V.   Proposed Schedule of Events

In connection with Preliminary Approval of the Settlement, the Court should also set a date and time for the Final Approval Hearing. Other deadlines in the Settlement approval process, including the deadlines for requesting exclusion from the Settlement Class or objecting to the Settlement, will be determined based on the date of the Final Approval Hearing or the date on which the Preliminary Approval Order is entered. Class Counsel propose the following schedule:

| Event | Date |
|---|---|
| Deadline for Completion of Mailed Notice Program | 60 days before the Final Approval Hearing |
| Deadline for the Email Notice Program | 60 days before the Final Approval Hearing |
| Deadline for the Online Notice Program | 60 days before the Final Approval Hearing |
| Deadline for filing papers in support of Final Approval of the Settlement and Class Counsel's application for an award of attorneys' fees and expenses | 30 days prior to the Final Approval Hearing |
| Deadline for opting-out of Settlement and submission of objections | 45 days prior to the Final Approval Hearing |
| Responses to Objections | 15 days prior to the Final Approval Hearing |
| The Final Approval Hearing | Approximately 90 days after Preliminary Approval |
| The last day that Settlement Class members may submit a Claim Form to the Settlement Administrator. | 30 days after the Final Approval Hearing |

## VI.    Conclusion

Based on the foregoing, Plaintiff and Class Counsel respectfully request that the Court: (1) grant Preliminary Approval to the Settlement; (2) certify for settlement purposes the proposed Settlement Class, pursuant to Rule 23(b)(3) and (e) of the Federal Rules of Civil Procedure; (3) approve the Notice program set forth in the Agreement and approve the form and content of the Notices and Claim Form, attached to the Settlement Agreement; (4) approve and order the opt-out and objection procedures set forth in the Agreement; (5) appoint Plaintiff as Class Representative; (6) appoint as Class Counsel the law firms and attorneys listed in the Agreement; and (7) schedule a Final Approval Hearing.  A Proposed Preliminary Approval Order is attached.

## <u>LOCAL RULE 7.1(a)(3) CERTIFICATION</u>

Plaintiff hereby certifies that he has conferred with Defendants' counsel in good faith and that Defendants do not oppose the relief requested herein.


Date:  June 24, 2019


Respectfully submitted,


**HIRALDO P.A.**

/s/ Manuel S. Hiraldo
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
Telephone: 954.400.4713


**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
Jeffrey M. Ostrow, Esq.
Florida Bar No. 121452
ostrow@kolawyers.com
Joshua R. Levine, Esq.
Florida Bar No. 91807
levine@kolawyer.com
1 W. Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
(t) 954-449-4602


**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis
Florida Bar No. 101754
ashamis@shamisgentile.com
14 NE 1ST Avenue, Suite 400
Miami, Florida  33132
(t) (305) 479-2299
(f) (786) 623-0915


**EDELSBERG LAW, P.A.**
Scott A. Edelsberg
Florida Bar No. 100537
19495 Biscayne Blvd. #607
Aventura, FL 33180
Email: scott@edelsberglaw.com


*Counsel for Plaintiff and the Class*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on June 24, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
HIRALDO P.A.
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Florida Bar No. 030380
mhiraldo@hiraldolaw.com
Telephone: 954.400.4713